# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

BARBARA J. POTES,

    Debtor.

Case No. 04-13683-RGM
(Chapter 7)

## MEMORANDUM OPINION

This case is before the court on the debtor's motion to reopen her bankruptcy case and the opposition of Bank of America. The debtor asserts that Bank of America made an improper credit report to a credit bureau in an attempt to collect a discharged debt in violation of the discharge stay. The bank asserts that the report did not violate the discharge stay and, in any event, was promptly corrected when the debtor complained directly to the credit bureau.

The bank objects to the debtor reopening her case. It makes two arguments. First, it asserts that the debtor suffered no damages and, therefore, there is no relief that may be accorded the debtor. One purpose of reopening a bankruptcy case is to accord a debtor further relief. 11 U.S.C. §350(b). If no useful purpose can be served by reopening a case, granting the motion is a futile gesture wasteful of the court's and the litigants' resources and the motion should be denied. *In re Carberry,* 186 B.R. 401 (Bankr.E.D.Va.1995). A motion to reopen should be liberally granted and ought not be used to force the debtor to prove her case twice, once to reopen the case and later at the hearing on the merits. Two full merits hearings on the same issue is also wasteful of the court's and the litigants' resources. The issue of damages is principally a factual matter. It is very difficult to show that a debtor is entitled to *no* damages so as to avoid reopening a case, particularly where the bank essentially acknowledges the very act of which the debtor complains but defends itself on the basis

1

that it was remedied by the credit bureau after complaint by the debtor. This defense suggests that there may be some damages, however modest.

The bank also argues that the debtor has an adequate remedy under the Fair Credit Reporting Act, 15 U.S.C. §1681s-2 and is attempting to circumvent the pre-suit requirements imposed on the debtor by the FCRA. The bank concludes that because the debtor has an adequate non-bankruptcy remedy and the debtor has not satisfied the pre-filing requirements under that remedy, the debtor should be denied her remedies under the Bankruptcy Code. This argument fails for two reasons. First, while the FCRA and the discharge stay are similar, they are not identical. They differ in their objectives. The FCRA seeks to minimize credit reporting errors and to cure those that are made in a prompt and efficient manner. Actions under it generally involve mistakes. The discharge stay is directed to enforcing the bankruptcy discharge. Actions under it generally involve intentional acts. The elements that must be proved under each statute may overlap, but they are not identical. The remedies available, while similar, may differ.

Second, there is no express provision in either the Fair Credit Reporting Act or the Bankruptcy Code that either supercedes the other. They co-exist. The bank may be correct that its single act gives rise to remedies under two separate federal laws. It may be right that both remedies are adequate. Of course, one remedy may be better than to the other.[1] How the debtor wishes to proceed is up to the debtor, not the bank. She may choose the remedy she prefers. In the end, if she is entitled to relief, she is entitled to it only once.

The motion to reopen will be granted.

---

[1] There may be, as the bank argues, different prerequisites to filing suit under each law. One case may be more difficult to prove. Damages may be computed differently. There may be a choice of forums. These are all factors frequently considered by plaintiffs before filing a suit.

Alexandria, Virginia
October 21, 2005

                                              /s/Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

Nancy Ryan
James Lister